

**IT IS ORDERED as set forth below:**

**Date:  July 26, 2019**
_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| TIMOTHY RUSSELL HOFFMAN, | : | 18-10556-WHD |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

## <u>ORDER ON SIGNATURE BANK'S OBJECTION TO DEBTOR'S EXEMPTIONS</u>

Before the Court is Signature Bank's Motion to Disallow Exemption (hereinafter the "Objection").  (Doc. 32).  The issue before the Court is whether the Debtor's retirement accounts are excluded from the estate, or, in the alternative, whether they are exempt under Georgia law.  The Court will now consider the

arguments presented by the parties in the pleadings and at the hearing on the Objection. The following constitutes the Court's Findings of Fact and Conclusions of Law under Fed. R. Bankr. P. 7052, made applicable to this proceeding by Fed. R. Bankr. P. 9014.[1]

## Factual Background

The Debtor is a retired Air Force Colonel who currently works as a flight simulator instructor. Prior to filing his petition for relief, the Debtor entered into an agreement with Signature Bank, in which he guaranteed an SBA loan in the amount of $432,000 for the purpose of helping his son-in-law open a restaurant. The venture eventually failed, and Signature Bank brought collection actions in the State Court of Fayette County, Georgia against the Debtor, his daughter, and his son-in-law. On March 19, 2018, the Debtor filed the instant petition for relief under Chapter 7 of the Bankruptcy Code.[2] Signature Bank filed a proof of claim, asserting an unsecured claim in the amount of $456,650.96. The Debtor, in his initial Schedule C, indicated the following:

---

[1] Unless otherwise specified, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure 1001-9037.

[2] The Debtor's daughter and son-in-law have also filed Chapter 7 petitions.

- IRA (Contributory IRA): $1,477,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(E);
- IRA (Roth Conversion): $63,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(E);
- IRA (Contributory Roth): $213,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(E);
- 401(k): $9,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2.1).
- IRA (distribution from IRA): $55,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(F).

(Doc. 1). The Debtor subsequently amended Schedule C, (Doc. 3),[3] to show the following:

- IRA (Contributory IRA): $1,477,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2.1); excluded under § 541(c)(2);
- IRA (Roth Conversion): $63,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(E); excluded under § 541(c)(2);
- IRA (Contributory Roth): $213,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(E); excluded under § 541(c)(2);
- 401(k): $9,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2.1).
- IRA (distribution from IRA): $55,000; exemption claimed pursuant to O.C.G.A. § 44-13-100(a)(2)(F).

According to the Debtor's testimony given during the 2004 examination and at

---

[3] The Debtor amended his schedules on April 18, 2019, which was after the hearing on Signature Bank's Objection to Exemptions.

the hearing on the Objection, the Debtor receives approximately $190,000 per year

through income and pension payments, which, given his scheduled expenses,

provides him with a $5,000 surplus per month.  (Deposition of Timothy R.

Hoffman ("Hoffman Depo.") at 24:5 -25:5).  The Debtor provides financial support

for his dependent wife's numerous medical expenses, and he maintains several

insurance plans, including life and health, for the benefit of himself and his wife.

The Debtor also contributes occasional financial support to his non-dependent adult

daughter, although the extent of this support is unclear.

Signature Bank objects to the Debtor's claimed exemptions and asserts the

following in support thereof: (1) the Debtor has failed to carry his burden in

proving his exemptions; (2) the Debtor is precluded from arguing that the funds are

exempt from the estate pursuant to § 541(c)(2); (3) the Debtor's claimed

exemptions exceed the statutory cap imposed by § 522(n); and (4) the funds are not

exempt in their entirety because they are not reasonably necessary for the support

of the Debtor and his dependent wife.  (*See* Doc. 32 and 37).

In response, the Debtor asserts the following: (1) § 522(n) does not apply to

state exemptions; (2) the retirement accounts are excluded from the estate pursuant

to § 541(c)(2); and (3) notwithstanding the applicability of § 541(c)(2), these

accounts are exempt in their entirety because they are reasonably necessary for the support of the Debtor and his wife.  (*See* Doc. 36 and 38).

## Conclusions of Law

This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction.  *See* 28 U.S.C. § 157(b)(2)(A), (B), and (O); § 1334.  Venue is proper under 28 U.S.C. § 1409.

As an initial matter, the Court will address Signature Bank's assertions that: (1) the Debtor bears the initial burden of proving his exemptions, and (2) that the Debtor's judicial admissions preclude him from asserting the IRAs are excluded from the estate pursuant to § 541(c)(2).

### <u>Burden of Proof</u>

Rule 4003(c) states that "the objecting party has the burden of proving that the exemptions are not properly claimed."  Rule 4003(c).  Notwithstanding the plain language of Rule 4003(c), Signature Bank, relying on several decisions from bankruptcy courts within the Ninth Circuit, asserts that the burden of proof rests upon the Debtor to prove that his exemptions are proper.  *In re Davis,* 323 B.R. 732 (B.A.P. 9th Cir. 2005) (Klein, J., concurring); *In re Pashenee*, 531 B.R. 834 (Bankr. E.D. Cal. 2015) (holding that the exemption claimant bears the burden of proof); *see In re*

5

*Barnes*, 275 B.R. 889 (Bankr. E.D. Cal. 2002).  In support of this conclusion, these courts rely on *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 17-20 (2000), in which the Supreme Court held that the burden of proof is a substantive aspect of a claim, and that the burden of proof in bankruptcy remains where substantive nonbankruptcy law places it.

This Court finds this interpretation and application of *Raleigh* unpersuasive because *Raleigh* is clearly distinguishable from the instant case.[4]  In *Raleigh*, the Supreme Court addressed a state tax liability issue that arose in the context of a claim objection.  530 U.S. 15 (2000).  The matter before this Court involves state law exemptions and an objection thereto.  Consequently, the Court rejects Signature Bank's argument and concludes that the burden is on Signature Bank to prove, by a preponderance of the evidence, that the Debtor's exemptions are improper.  *See* Rule 4003(c); *see In re Cassell*, 443 B.R. 200, 203-04 (Bankr. N.D. Ga. 2010); aff'd 713 F.3d 81 (11th Cir. 2013).

## Debtor's Judicial Admissions

Judicial admissions are formal concessions in the pleadings, or stipulations

---

[4] Signature Bank provides no binding authority that adopts this application of *Raleigh*, and the Court is unaware of such authority.

6

by a party or its counsel, that are binding upon the party making them and may not be controverted at trial. *Keller v. U.S.,* 58 F.3d 1194, 1199 n.8 (7th Cir. 1995); *In re Summit United Serv., LLC*, 2005 WL 6488106, at *4 (Bankr. N.D. Ga. Sept. 19, 2005). Judicial admissions must be clear, deliberate, and unequivocal factual assertions. *In re Jones*, 197 B.R. 949, 956 (Bankr. M.D. Ga. 1996). Judicial admissions are not considered evidence, "but rather have the effect of withdrawing a fact from contention[,]" and are conclusive unless the court allows the party to withdraw the admission or "the pleading is amended or withdrawn." *In re Summit United Serv., LLC,* 2005 WL 6488106, at *4.

Signature Bank contends that the Debtor admitted that the IRAs were assets of the estate in his bankruptcy schedules, and that he affirmed this admission in his sworn testimony in both the § 341 meeting and his 2004 examination. As a result, Signature Bank asserts that these acts constitute judicial admissions, and, thus, preclude the debtor from raising any argument concerning exclusion under § 541(c)(2).

Statements in bankruptcy schedules are executed under penalty of perjury and, when offered against a debtor, are eligible for treatment as judicial admissions. *In re Vanguard Airlines, Inc.,* 298 B.R. 626, 635 (Bankr. W.D. Mo. 2003).

7

However, disclosing property does not waive the argument that property is not property of the estate. *In re Dorsey,* 497 B.R. 374, 384 (Bankr. N.D. Ga. 2013). "In fact, the Code requires full disclosure of property, some of which may not be property of the estate, for '[t]he concept of property of the estate is a fact-based legal conclusion to be decide[d] by the court after the facts are reviewed by interested parties.'" *Id.* (citing *In re JZ L.L.C.,* 371 B.R. 412 (9th Cir. BAP 2007)). Further, the Debtor has amended Schedule C to claim both exemption and exclusion. (Doc. 39).[5] When a pleading is amended, the superseded portion ceases to be a judicial admission. *United States v. McKeon,* 738 F.2d 26, 31 (2d Cir. 1984).

The Court recognizes that the Debtor amended Schedule C after the hearing on the Objection. It is true that *res judicata* bars a debtor from repeatedly amending their schedules to assert new theories for why a particular asset is exempt from bankruptcy. *In re McFarland*, 557 B.R. 256, 260 (Bankr. S.D. Ga. 2016). However, a debtor is generally permitted to amend the list of exemptions "as a

---

[5] While these assertions may appear contradictory, the effect of both is to place the accounts out of the reach of creditors.

8

matter of course any time before the case is closed." Rule 1009(a).[6]  In the case at

bar, amended Schedule C does not conflict with the arguments raised by the Debtor

in his responsive pleadings and at the hearing, but merely incorporates those

arguments into the schedules.

Moreover, the Debtor's statement that the IRAs are property of the estate is a

legal conclusion, and, therefore, does not qualify as a judicial admission.  *In re*

*Dorsey*, 497 B.R. at 384 (stating that the concept of property of the estate is a fact-

based legal conclusion); *MacDonald v. General Motors Corp.,* 110 F.3d 337, 341

(6th Cir.1997) (ruling that opinions and legal conclusions, as opposed to statements

of fact, do not constitute binding judicial admissions); *In re Stalnaker*, 408 B.R.

---

[6] Bankruptcy Courts have placed equitable limitations on Rule 1009(a), often
considering evidence of bad faith or prejudice to another party.  Drake, Bankr.
Prac. for Gen. Prac. § 5:24 (3d. ed.).  However, this discretionary exercise has been
called into question by the Supreme Court's ruling in *Law v. Siegel*, 571 U.S. 415
(2014).  *In re Gress*, 517 B.R. 543, 547 (Bankr. M.D. Pa. 2014); *see In re
Franklin*, 506 B.R. 765, 771 (Bankr. C.D. Ill. 2014); *In re Scotchel*, Case No. 12–
09, 2014 WL 4327947, at *4 (Bankr. N.D. W. Va. Aug. 28, 2014); *In re Pipkins*,
Case No. 13–30087DM, 2014 WL 2756552, at *7 (Bankr. N.D. Cal. June 17,
2014).

[6] The Court again points out that all arguments raised by the Debtor were brought
in his initial response to the Objection and were addressed at the hearing.  As such,
Signature Bank was provided adequate opportunity to address the Debtor's
contentions in its post-hearing brief.

440, 444–45 (Bankr. M.D. Ga. 2009);  *see In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989) (stating that whether an interest is property of the estate is a federal question).

To the extent that Signature Bank is attempting to preclude the Debtor's exclusion argument through *res judicata* or judicial estoppel, the Court finds that these doctrines do not apply here as there has been no prior proceeding, judgement, or decision rendered on this matter.[7]  *See Slater v. United States Steel Corp.,* 871 F.3d 1174, 1181 (11th Cir. 2017) (stating the Eleventh Circuit's two-part test in applying judicial estoppel: (1) the party took an inconsistent position under oath in a separate proceeding, and (2) that these inconsistent positions were calculated to make a mockery of the judicial system); *see also In re Piper Aircraft Corp*., 244 F.3d 1289, 1296 (11th Cir. 2001) (stating that the application of *res judicata* requires the existence of a final judgment on the merits).

Therefore, the Court will address whether the IRAs are excluded from the bankruptcy estate, as well as whether the Debtor's claimed exemptions in the IRAs

---

[7] See Sciortino v. Gwinnet Cty. Dep't of Water Res. (In re Sciortino), 561 B.R. 260, 271 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.) ("[T]he Court can take judicial notice of its own docket….").

10

are proper.

## The Retirement Accounts and Signature Bank's Objection

Pursuant to § 522(b)(2), Georgia has opted out of the federal exemptions, and O.C.G.A. § 44-13-100 governs the exemptions available to a debtor in bankruptcy in Georgia. *In re Cassell,* 443 B.R. at 203. Generally, courts construe exemption statutes liberally in favor of a debtor. *McFarland v. Wallace (In re McFarland),* 790 F.3d 1182, 1186 (11th Cir. 2015). As previously stated, the burden rests on Signature Bank to prove, by a preponderance of the evidence, that the Debtor's exemptions are improper. Rule 4003(c); *see In re Cassell*, 443 B.R. at 203-04.

A. The Traditional IRA[8]

The Debtor asserts that his Traditional IRA is either excluded from the bankruptcy estate pursuant to § 541(c)(2), or, if not excluded, is exempt pursuant to O.C.G.A. § 44-13-100(a)(2.1). Property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. § 541(a). Section 541(c)(2) excludes from the estate a debtor's beneficial interest in a trust that contains a "restriction on transfer" that is "enforceable under applicable

---

[8] Traditional IRAs are established under § 408 of the Internal Revenue Code [26 U.S.C. § 408].

nonbankruptcy law." § 541(c)(2).  To determine if a debtor's interest in property is excluded from the estate pursuant to § 541(c)(2), three elements must be satisfied: (1) the debtor must have a beneficial interest in a trust; (2) there must be a restriction on the transfer of that interest; and (3) the restriction must be enforceable under either federal or state law.  *In re Upshaw*, 542 B.R. 619, 622 (Bankr. N.D. Ga. 2015).  In *In re Meehan*, the Eleventh Circuit Court of Appeals held that an IRA established under 26 U.S.C. § 408 is excluded from the estate pursuant to § 541(c)(2) because it is exempt from garnishment under Georgia law. *Meehan v. Wallace (In re Meehan),* 102 F.3d 1209 (11th Cir. 1997); *see In re Hamblen*, 354 B.R. 322, 325 (Bankr. N.D. Ga. 2006).

The Court does not agree with Signature Bank's contention that *In re Meehan* is somehow overruled by the Supreme Court's decisions in *Rousey v. Jacoway*, 544 U.S. 320 (2005), and *Clark v. Rameker*, 573 U.S. 122 (2014).  In both cases, the Supreme Court addressed different issues than that considered in *In re Meehan*.  *Compare In re Meehan,* 102 F.3d 1209 (11th Cir. 1997), with *Rousey v. Jacoway*, 544 U.S. 320 (2005) (addressing whether debtors' IRA fell within the parameters of the federal exemption provided in § 522(d)(10)(E)), and *Clark v. Rameker*, 573 U.S. 122, 129–30 (2014) (holding that funds held within inherited

12

IRAs are not retirement funds within the meaning of § 522(b)(3)(C)).  Thus, the

Court finds that the Traditional IRA is excluded from the estate pursuant to §

541(c)(2).

Regardless of whether § 541(c)(2) excludes the Traditional IRA from the

bankruptcy estate, this account would also be exempt in its entirety pursuant to

O.C.G.A. § 44-13-100(a)(2.1), which allows a debtor to exempt his aggregate

interest in any funds or property held on behalf of the debtor, but not yet distributed

to him, under an "individual retirement account within the meaning of Title 26

U.S.C. [§] 408."  O.C.G.A. § 44-13-100(a)(2.1)(D).  Unlike § 44-13-100(a)(2), this

provision does not impose a limitation on the amount a debtor may exempt.

However, Signature Bank asserts that § 522(n) applies, and, thus, limits the

total amount that can be exempted.  Section 522(n) imposes a cap on the aggregate

value of assets that an individual debtor claims as exempt under §§ 522(d)(12) or

522(b)(3)(C).  4 Collier on Bankr. [P] 522.09.  This monetary cap is not

immovable, but may be increased "if the interests of justice so require."  § 522(n).

Sections 522(d)(12) and 522(b)(3)(C) are federal exemptions.  In this case,

however, the Debtor claims an exemption provided under Georgia law.

Nonetheless, Signature Bank contends that § 522(n), because it contains no

13

language limiting its application to federal exemptions, applies to the exemption of all retirement accounts, regardless of whether exempted under federal or state law.

The Court does not agree.  First, Signature Bank provides no authority supporting this position, and the Court is likewise unaware of such authority. Signature Bank relies upon cases in which some courts have held that a debtor who is required to take state exemptions is also entitled to utilize federal exemptions relating to retirement accounts, subject to § 522(n)'s limitation.  *Mullen v. Hamlin (In re Hamlin)*, 465 B.R. 863 (9th Cir. BAP 2012) (finding that a debtor in an opt-state is not limited to the IRA exemptions provided by that state, but may claim the applicable federal exemption, subject to the limitation in § 522(n)); *In re Williams*, 556 B.R. 456, 460 (Bankr. C.D. Cal. 2016) (finding that a debtor may use § 522(b)(3)(C) to exempt a qualifying retirement account, subject to the limitation in § 522(n), regardless of the debtor's filing of bankruptcy in an opt-out state);  *see In re McVicker*, 546 BR 46 (Bankr. N.D. Ohio 2016).  However, these cases do not support the proposition that § 522(n) applies to state exemptions, but rather that it applies to a debtor's use of federal exemptions.

Further, while it is true that § 522(n) contains no language limiting its application to federal exemptions, the Court finds that the absence of such language

14

supports the conclusion that § 522(n) does not apply to state exemptions.  The

Court need only to look at § 522(p) for support.  Section 522(p) provides:

> "as a result of electing under subsection (b)(3)(A) to exempt property under
> State or local law, a debtor may not exempt any amount of interest that was
> acquired by the debtor during the 1215-day period preceding the date of the
> filing of the petition that exceeds in the aggregate $160,375 in value…"

§ 522(p).  Section 522(p), through specific language, imposes a limitation on state

exemptions.  §522(p); *see* Drake, Bankr. Prac. for the Gen. Prac. § 5:23 (3d. ed.).

Courts have found that this limitation applies to states that do not permit the

election of federal exemptions.  *Id.* at n.15.

Congress's inclusion of specific language restricting state exemptions in §

522(p), and the exclusion of such language from § 522(n), supports the conclusion

that § 522(n) does not apply to state exemptions.  *See Russello v. United States*, 464

U.S. 16, 23-4 (1983) (stating that it is a general presumption that Congress acts

intentionally and purposely in the disparate inclusion or exclusion when it includes

particular language in one section of a statute but omits it in another section of the

same act).

15

B. The Roth IRAs[9]

Signature Bank submits that the Roth IRAs, totaling approximately

$276,000, are not reasonably necessary for the support of the Debtor and his wife.

In response, the Debtor asserts that the Roth IRAs are either excluded from the

bankruptcy estate pursuant to § 541(c)(2), or, if not excluded, are exempt under

O.C.G.A. § 44-13-100(a)(2)(E).

The Debtor asserts that Georgia's garnishment statute applies to Roth IRAs,

and, thus, the Court should expand the holding of *In re Bramlette*, 333 B.R. 911,

914 (Bankr. N.D. Ga. 2005), by finding that Roth IRAs are excluded from the

estate pursuant to § 541(c)(2).  The Court, however, is not inclined to accept this

assertion because Georgia's garnishment statute underwent an expensive overhaul

following *In re Bramlette*, and, more importantly, the Court has found no authority

addressing the Debtor's contention, nor has the Debtor cited any to the Court.

A Roth IRA is, however, exempt under O.C.G.A. § 44-13-100(a)(2)(E), to

the extent that it is reasonably necessary for the support of the debtor and his

dependents.  *In re Bramlette*, 333 B.R. at 915.  To determine whether an exemption

---

[9] Roth IRAs are established under § 408A of the Internal Revenue Code [26 U.S.C.
§ 408A].

is reasonably necessary for the support of the debtor, the Court must consider whether the Debtor has sufficient income, aside from these funds, to provide for the basic needs of the Debtor and any dependents. *In re Taylor,* 523 B.R. 915, 921 (Bankr. S.D. Ga. 2014). Because other provisions in the Georgia statute limit the exemptible amount "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor," cases interpreting those other provisions are persuasive authority. *Id.*

Here, the Court finds that these funds are not reasonably necessary for the support of the Debtor and his dependent wife. The Debtor's current monthly income exceeds his current family expenses by approximately $5,000 per month. *See In re Howard*, 169 B.R. 77 (Bankr. S.D. Ga. 1994) (finding the exemption not reasonably necessary for the support of the debtor because income exceeds expenses by $500 per month). As a result, the Debtor has more than enough income to provide for the basic needs of himself and his wife. Moreover, the Debtor admits that these funds are not necessary for their support. (Hoffman Depo. at 27:16 - 28:2).

The Court is not convinced by the Debtor's assertions concerning his wife's various illnesses, which he alleges could result in these funds being necessary for

17

their future support.  The Debtor's testimony at the hearing revealed that the Debtor
and his wife have multiple insurance plans, including health and life, and that his
wife's cancer was treated years ago and is in remission.  He also stated that all
monies necessary for his wife's care are covered by either expenses listed in the
schedules or several existing health insurance plans.  Finally, the Court cannot
ignore that the Traditional IRA, totaling approximately $1.4 million, is excluded
from the estate and, thus, is available for the Debtor's future support.

As a result, the Court finds that the Debtor is not entitled to exempt the
$276,000 contained within the two Roth IRAs because these funds are not
reasonably necessary for the support of the Debtor and his wife.

C. The 401(k)

The Debtor claims an ERISA qualified 401(k) account worth approximately
$9,000 as exempt pursuant to O.C.G.A. § 44-13-100(a)(2.1).  The 401(k)'s
classification is not in dispute.  Since § (a)(2.1) does not impose a reasonableness
limitation, the Court finds that the 401(k) is exempt in its entirety pursuant to
O.C.G.A. § 44-13-100(a)(2.1).

D.  IRA Distribution

The Debtor claims an IRA Distribution in the amount of $55,000 as exempt

18

pursuant to O.C.G.A. § 44-13-100(a)(2)(F). Section 44-13-100(a)(2)(F) allows a debtor to exempt his right to receive a payment from an IRA "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]"

The same reasons rendering the Roth IRAs unexempt also apply to the IRA Distribution. Therefore, the Court finds that the Debtor is not entitled to exempt the IRA Distribution in the amount of $55,000 because these funds are not reasonably necessary for the support of the Debtor and his wife.

### Conclusion

Therefore, in accordance with the foregoing, it is hereby **ORDERED** Signature Bank's Objection is **GRANTED** in part and **DENIED** in part. Specifically, Signature Bank's Objection as to the Roth IRAs and the IRA Distribution is **GRANTED**. Signature Bank's Objection as to the Traditional IRA and the 401(k) is **DENIED**. It is further

**ORDERED** that the Clerk will serve this Order on the Debtor, the Debtor's attorney, Signature Bank, Signature Bank's attorney, the Chapter 7 Trustee, and other parties in interest.

### END OF DOCUMENT